25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward CLONTS, Defendant-Appellant.
 No. 91-2258.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1994.
 
 Before SEYMOUR and MOORE, Circuit Judges, and THEIS,* District Judge
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This matter returns to us following a limited remand for factual findings of whether defendant participated in one or two conspiracies. The parties stipulated to submission of the issue to the district court without an evidentiary hearing. Thereafter, they provided what the court referred to as: "portions of the transcripts of the trials and other proceedings ... along with letters arguing their positions and copies of portions of their appellate briefs." The court took these materials into consideration "along with factual findings in the presentence reports of the various defendants who have been sentenced in these cases."
 
 
 2
 After an extensive and thorough determination of the pertinent facts, the district court concluded defendant Clonts was a participant in two separate conspiracies. Mr. Clonts has filed a supplemental brief in this court and the matter is now ripe for decision.
 
 
 3
 Mr. Clonts makes two arguments. First, he contends to the extent the district court took into consideration facts contained in the presentence reports of other defendants, its findings go beyond the stipulated record. He maintains this was done without notice, and his inability to gain access to those reports resulted in prejudice to him. His second argument is the district court incorrectly interpreted the facts and reached an erroneous conclusion. We hold any error in the court's reliance upon material outside the stipulated matters is not prejudicial. We also believe the district court's findings support its conclusion. After review of the issues remaining in this appeal, we conclude the district court did not err.
 
 
 4
 Although we are sympathetic with defendant's seeming plight, his argument that the district court made findings upon evidence to which defendant had no access would have more substance had he pointed out facts found by the court that were erroneous. While there is cosmetic validity in the contention the court should have given him prior notice of the breadth of its intended review and an opportunity to be heard upon that breadth, Mr. Clonts shows us no reason to believe he was ultimately prejudiced by this unusual review. Because he does not contend the findings are clearly erroneous and takes issue only with the conclusions, we have to assume the court's factual findings are sound. Consequently, we see no way in which the defendant was ultimately prejudiced by the procedure employed by the district court.
 
 
 5
 The facts, as found by the district court, satisfy our original concerns in this case. Although we need not recount those facts here, it is evident there were indeed two conspiracies involving Mr. Clonts. Albeit the events which encompassed each conspiracy were contemporaneous and each involved the sale of marijuana, there the commonality ends.
 
 
 6
 Simply put, defendant was initially enmeshed in a conspiracy to sell 1,000 pounds of marijuana with one set of confederates and then, on his own, hooked up with another to sell 100 pounds. Each conspiracy had its own cast which, except for Mr. Counts and Mr. Searles, the undercover agent, was different.
 
 
 7
 Defendant attempts to avoid this analysis by arguing the co-conspirator in the second conspiracy, Mr. Webster, was merely a mule; therefore, he could not be a conspirator. We disagree. Mr. Webster was a key participant in the second conspiracy because it was he who was to take Mr. Clonts from place to place to effect their efforts to conclude a sale of drugs. Although Mr. Clonts attempted to keep Mr. Webster in the dark concerning those with whom he was dealing, it is evident Mr. Webster knew from the start about the entire scheme and agreed to share in it. We must therefore conclude Mr. Clonts' double jeopardy argument is without substance.
 
 
 8
 Mr. Clonts has raised two additional issues in his opening brief which we left undecided pending resolution of the double jeopardy issue. He asserts the district court violated Fed.R.Evid. 404(b) by allowing introduction of statements he made to Mr. Searles regarding the smuggling activities defendant carried on with Mr. Bernal. He also contends the indictment should have been dismissed because of the government's "outrageous conduct" in this case.
 
 
 9
 Following defendant's in limine motion to quash Mr. Searles' testimony about defendant's statements, the district court struck some of the statements and ruled others were admissible. The court allowed introduction of statements by Mr. Clonts that he had personally hauled three loads of contraband from Mexico to the United States by air; that he was part of an organization of four members that specialized in marijuana smuggling; and, that the organization used special equipment to compact the substance to avoid detection. Also permitted were statements about defendant's flights to Mexico with Mr. Bernal, a plane crash on a trip to pick up marijuana, and another crash which resulted in the organization's loss of 700 pounds of marijuana. Finally the court held admissible defendant's statements he and Mr. Bernal planned to trade an airplane so they could buy $20,000 worth of marijuana and fly it from Mexico to the United States, and that he and Mr. Bernal planned to meet someone in Tucson about a marijuana transaction that would net them $30,000.
 
 
 10
 Notwithstanding defendant's arguments, we believe the answer to the issue is that these statements are admissible because they are admissions of a party opponent under Fed.R.Evid. 801(d)(2). See United States v. Gomez, 810 F.2d 947, 952 (10th Cir.1987) (a defendant's inculpatory statements are admissible as admissions). Indeed, defendant's argument for the exclusion of this evidence is the very reason why it is admissible.
 
 
 11
 Defendant maintains the evidence should not have been received because it was prejudicial, but that is the sense of the government's burden of proof. All evidence admissible against a defendant is prejudicial to him. Evidence is excludable only if it is unfairly prejudicial. Here the government was burdened with proving defendant was part of a conspiracy. In Gomez, the admissions defendant made about his prior activities tended to inculpate him into that conspiracy.
 
 
 12
 Moreover, even had the evidence been improperly admitted, Mr. Bernal himself testified to the same facts, and without objection. Any error in admitting Mr. Counts' statements was cured by Mr. Bernal's testimony.
 
 
 13
 Finally, we have already ruled on the issue of the government's conduct. In the case involving the 100 pound marijuana transaction, United States v. Clonts, 966 F.2d 1366, 1369 (10th Cir.1992), we held the government's activities did not amount to outrageous conduct. We adhere to that determination.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Frank G. Theis, United States Senior Judge for the United States District Court, District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470